IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHEILA BROOKS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:23-CV-00880-DGK |
| KC CANYON CREEK APARTMENTS, LLC, et al., | ) |
| Defendants. | ) |

**ORDER DIRECTING DEFENDANTS TO CLARIFY THE IDENTITY AND CITIZENSHIP OF THEIR LLC MEMBERS**

This lawsuit arises from a fatal shooting at Canyon Creek Apartments in Kansas City, Missouri. Plaintiffs Sheila Brooks and Victor Weber bring this wrongful death claim against KC Canyon Creek Apartments, LLC, Landmark Realty of Missouri, LLC (the "LLC Defendants), Jonathan Marcus, Robert Imhoff, and LeJeanna Hurt (collectively, "Defendants") alleging they were negligent in preventing and deterring criminal activity at Canyon Creek Apartments.

Plaintiffs originally filed this case in the Circuit Court of Jackson County, Missouri, but Defendants removed to this Court asserting diversity jurisdiction and alleging fraudulent joinder. *See* Notice of Removal ¶¶ 3, 6(d), ECF No. 1. Plaintiffs moved to remand arguing the non-diverse defendant is properly joined. ECF No. 6. The parties are currently briefing the remand issue.

Separate from the fraudulent joinder issue, the Court is unsure whether it has subject matter jurisdiction over this case. Accordingly, the Court directs the LLC Defendants to identify the name and citizenship of each of their respective members.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The threshold question for every federal court in every case is whether it possesses subject matter jurisdiction. If the court determines at any time that it does not, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Defendants allege the Court possesses subject matter jurisdiction pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Notice of Removal ¶ 3. To invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The Court looks at the parties' citizenship at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570 (2004). The party invoking federal jurisdiction bears the burden of establishing it. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The question here is whether there is complete diversity of citizenship. Plaintiffs' State Court Petition states the LLC Defendants are incorporated in Delaware and California respectively. Pet. ¶¶ 6, 8, ECF No. 1-1. Plaintiffs also state that "[u]pon information and belief, Defendant Canyon Creek has members who are residents of the State of Missouri." *Id.* ¶ 7. The Court is concerned because litigants sometimes fail to realize that "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members," *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007), and that if a member of an LLC is itself another LLC, the analysis requires "drilling down" into the next LLC to determine its membership as

well. Here, the Court does not know who the LLC Defendants' members are, so it cannot be certain of their citizenship.

Accordingly, erring on the side of caution to ensure the Court possesses subject matter jurisdiction, the Court directs the LLC Defendants to submit a brief within fourteen (14) days identifying the name and citizenship of each of their respective members.

**IT IS SO ORDERED.**

Date: January 25, 2024 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT