IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHEILA BROOKS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:23-CV-00880-DGK |
| ) | |
| KC CANYON CREEK APARTMENTS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION TO REMAND

This lawsuit arises from a fatal shooting at Canyon Creek Apartments in Kansas City, Missouri. Plaintiffs Sheila Brooks and Victor Weber bring this wrongful death claim against KC Canyon Creek Apartments, LLC, Landmark Realty of Missouri, LLC, Jonathan Marcus, Robert Imhoff, and LeJeanna Hurt (collectively, "Defendants") alleging they were negligent in preventing and deterring criminal activity at Canyon Creek Apartments.

Defendants removed this case from the Circuit Court of Jackson County, Missouri based on diversity jurisdiction. Defendants claim Plaintiffs fraudulently joined Defendant Hurt to destroy diversity and prevent removal. Now before the Court is Plaintiffs' Motion to Remand. ECF No. 6. For the following reasons, the motion is DENIED.

**Standard**

A defendant may remove a case to federal court when it falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). If the case is not within the district court's original jurisdiction, the Court must remand the case to the state court from which it was removed. *Id.* § 1447(c). Where a party removes based on the Court's diversity jurisdiction, the removing party

bears the burden of proving the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a). Only diversity of citizenship is at issue in this case.

Under the doctrine of fraudulent joinder, however, the Court "may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). The Eighth Circuit has articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, if there is a "colorable" cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. . . . [J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citations omitted). The party asserting fraudulent joinder bears the burden of demonstrating the fraud. *Id.* at 809.

**Background**

On October 20, 2022, Christopher Beaugard was fatally shot in the parking lot of the Canyon Creek Apartments after discovering two individuals attempting to steal a license plate.

Plaintiffs assert wrongful death claims against Defendants based on premise liability and negligence per se. Plaintiffs claim Defendants failed to prevent and deter criminal activity at Canyon Creek Apartments despite having reasonable notice that criminal activity was occurring. Specifically, Plaintiffs allege "235 property crimes" and "152 violent crimes" were reported at

2

Canyon Creek Apartments "between 2017 and 2022," with several resulting in "lawsuits alleging inadequate security." *See* Pet. ¶¶ 24–29, ECF No. 1-1.

Relevant to the instant motion is the parties' citizenship. Plaintiffs' state court petition states Plaintiffs and Defendant Hurt are all citizens of Missouri. *Id.* ¶¶ 2–5, 12. Accordingly, Plaintiffs argue remand is appropriate because complete diversity does not exist. The Court can retain jurisdiction, however, if Defendant Hurt was fraudulently joined. That is, the Court must determine whether, under Missouri law, Defendant Hurt can be liable for negligence as an employee for the alleged failure to prevent and deter criminal activity at Canyon Creek Apartments.

**Discussion**

Plaintiffs' state court petition identifies Defendant Hurt an "an employee" and "on-site manager" who had the "authority and responsibility to provide for the safety of tenants and invitees at the Canyon Creek Apartments." *Id.* ¶ 12. Accordingly, Plaintiffs argue Defendant Hurt is liable for the alleged failure to prevent and deter criminal activity at Canyon Creek Apartments. Defendants argue there is no reasonable basis in fact and law supporting Defendant Hurt's liability.

"In any action for negligence, a plaintiff must establish the defendant owed a duty of care to the plaintiff, the defendant breached that duty, and the defendant's breach proximately caused the plaintiff's injury." *Wieland v. Owner-Operator Servs., Inc.*, 540 S.W.3d 845, 848 (Mo. 2018) (en banc) (citation omitted). Under Missouri law, an employee may only be held personally liable to third persons for negligence under two circumstances:

> First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person.

3

> The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control.

*State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992) (internal citations omitted). Because Defendant Hurt is an employee and does not have full and complete control of Canyon Creek Apartments, any liability must arise under the second situation. Thus, to state a colorable negligence claim, Plaintiffs must show Defendant Hurt breached her duty as an employee to protect invitees from the criminal acts of third persons at Canyon Creek Apartments.

Plaintiffs cannot make this showing because no such duty exists. Under Missouri law, there is "no duty to protect invitees from the criminal acts of unknown third persons." *Harner v. Mercy Hosp. Joplin*, 679 S.W.3d 480, 484 (Mo. 2023). While there are two exceptions to this general rule, any duty is owed by the business or property owner, not their employees. *See id.*; *Wieland*, 540 S.W.3d at 849; *see also* Mo Rev. Stat. § 537.787.1. Thus, because Defendant Hurt does not have a legal duty that can be breached, Plaintiffs do not state a cause of action against her under Missouri law.

Accordingly, the Court retains jurisdiction because Defendant Hurt is fraudulently joined.

## Conclusion

For the forgoing reasons, the Plaintiffs' motion to remand is DENIED.

**IT IS SO ORDERED.**

Date: March 27, 2024            /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT