IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHEILA BROOKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00880-DGK |
| | ) | |
| KC CANYON CREEK APARTMENTS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This lawsuit arises from a fatal shooting at Canyon Creek Apartments in Kansas City, Missouri. Plaintiffs Sheila Brooks and Victor Weber bring this wrongful death claim against KC Canyon Creek Apartments, LLC, Landmark Realty of Missouri, LLC, Jonathan Marcus, Robert Imhoff, and LeJeanna Hurt (collectively, "Defendants") alleging they were negligent in preventing and deterring criminal activity at Canyon Creek Apartments.

Now before the Court is Jonathan Marcus and Robert Imhoff's ("Individual Defendants") motion for judgment on the pleadings. ECF No. 27. For the reasons discussed below, the motion is GRANTED.

### Background

On October 20, 2022, Christopher Beaugard was fatally shot in the parking lot of the Canyon Creek Apartments after discovering two individuals attempting to steal a license plate.

Plaintiffs assert wrongful death claims against Defendants based on premise liability and negligence per se. Plaintiffs claim Defendants failed to prevent and deter criminal activity at Canyon Creek Apartments despite having reasonable notice that criminal activity was occurring. Specifically, Plaintiffs allege "235 property crimes" and "152 violent crimes" were reported at

Canyon Creek Apartments "between 2017 and 2022," with several resulting in "lawsuits alleging inadequate security." *See* Am. Compl. ¶¶ 25–26, 28, ECF No. 5.

Plaintiffs filed this case on October 3, 2023, in the Circuit Court of Jackson County, Missouri. Defendants timely removed based on diversity jurisdiction, arguing defendant LeJeanna Hurt was fraudulently joined. Plaintiffs moved to remand, which the Court denied. *See* ECF No. 24. In doing so, the Court found LeJeanna Hurt was fraudulently joined because Missouri law does not impose personal liability on an employee for a failure to protect invitees from the criminal acts of third persons.

**Standard**

A motion for judgment on the pleadings under Rule 12(c) uses "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In ruling on a motion for judgment on the pleadings, the Court must "accept as true all factual allegations set out in the complaint and to construe the complaint in the light most favorable to the plaintiffs, drawing all inferences in their favor." *Id.* (cleaned up).

**Discussion**

Individual Defendants argue the claims against them should be dismissed for the same reasons stated in the Court's remand order. Namely, that they do not have a *personal* duty as employees to protect invitees of Canyon Creek Apartments from the criminal acts of third persons. Plaintiffs contend the Court's remand order was incorrect and request

> the Court (1) "expressly determine[] that there is no just reason for delay" pursuant to Fed. R. Civ. P. Rule 54(b); (2) enter the order as a final judgment in favor of Defendants Imhoff and Marcus, and; (3) amend its March 27, 2024 order denying remand to state that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation" pursuant to 28 U.S.C. § 1292(b).

Suggestion in Opp'n at 1, ECF No. 29.

Beyond disagreement with the Court's ruling, Plaintiffs cite no authority (Missouri or otherwise) showing an employee has a personal duty (i.e., separate and distinct from that of the business) to protect invitees from the criminal acts of third persons. Instead, Plaintiffs simply argue that because "[t]he law contemplates that a 'business' will hire employees to execute its duty to safeguard [its] premises from violent crime," then "employees may be personally liable for their failure" to do so. Suggestion in Opp'n at 5. Plaintiffs cites no analogous authority to support this contention, and the Court will not conduct legal research for them. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument.").

As to the merits, Plaintiffs do not dispute that Individual Defendants are employees or that they lack full and complete control of Canyon Creek Apartments. Thus, the analysis is the same as in the Court's order denying remand. That is, to state a colorable negligence claim, Plaintiffs must show Individual Defendants breached their duty as employees to protect invitees from the criminal acts of third persons at Canyon Creek Apartments. *See Wieland v. Owner-Operator Servs., Inc.*, 540 S.W.3d 845, 848 (Mo. 2018) (en banc); *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992). But as the Court has previously stated, no such duty exists under Missouri law. *See Harner v. Mercy Hosp. Joplin*, 679 S.W.3d 480, 484 (Mo. 2023); *Wieland*, 540 S.W.3d at 849; *see also* Mo Rev. Stat. § 537.787.1. Thus, because Individual Defendants do not have a legal duty that could have been breached, Plaintiffs do not state causes of action against them under Missouri law.

## Conclusion

For the forgoing reasons, Jonathan Marcus and Robert Imhoff's motion for judgment on the pleadings is GRANTED. Jonathan Marcus and Robert Imhoff are dismissed from this case.

**IT IS SO ORDERED.**

Date:  June 14, 2024                                    /s/ Greg Kays
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT