IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHEILA BROOKS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:23-CV-00880-DGK |
| KC CANYON CREEK APARTMENTS, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND

This lawsuit arises from a fatal shooting at Canyon Creek Apartments in Kansas City, Missouri. Plaintiffs Sheila Brooks and Victor Weber bring this wrongful death claim against KC Canyon Creek Apartments, LLC, Landmark Realty of Missouri, LLC, Jonathan Marcus, Robert Imhoff, and LeJeanna Hurt alleging they were negligent in preventing and deterring criminal activity at Canyon Creek Apartments.

Now before the Court is Plaintiffs' motion for leave to amend the complaint to add a nondiverse defendant. ECF No. 33. For the reasons discussed below, the motion is GRANTED.[1]

### Background

On October 20, 2022, Christopher Beaugard was fatally shot in the parking lot of the Canyon Creek Apartments after discovering two individuals attempting to steal a license plate.

Plaintiffs assert wrongful death claims against Defendants based on premise liability and negligence per se. Plaintiffs claim Defendants failed to prevent and deter criminal activity at

---

[1] Also before the Court is Plaintiffs' motion to amend the scheduling order, ECF No. 32, and the parties' joint discovery status report requesting a scheduling conference with the Court to discuss extending certain case deadlines, ECF No. 45. In light of this Order, Plaintiffs' motion and the parties' request are DENIED AS MOOT.

Canyon Creek Apartments despite having reasonable notice that criminal activity was occurring. Specifically, Plaintiffs allege "235 property crimes" and "152 violent crimes" were reported at Canyon Creek Apartments "between 2017 and 2022," with several resulting in "lawsuits alleging inadequate security." *See* Am. Compl. ¶¶ 25–26, 28, ECF No. 5. Plaintiffs allege "[s]ecurity guards had not patrolled the area since 2018." *Id.* ¶ 29.

Plaintiffs filed this case on October 3, 2023, in the Circuit Court of Jackson County, Missouri. Defendants timely removed based on diversity jurisdiction, arguing defendant LeJeanna Hurt was fraudulently joined. Plaintiffs moved to remand, which the Court denied. *See* ECF No. 24. In doing so, the Court found LeJeanna Hurt was fraudulently joined because Missouri law does not impose personal liability on an employee for failing to protect invitees from the criminal acts of third persons.

On April 25, 2024, defendants Jonathan Marcus and Robert Imhoff moved to dismiss the claims against them for the same reasons stated in the Court's order denying remand. Plaintiffs opposed the motion primarily arguing that the Court's remand order was wrong. The Court granted the motion and dismissed Jonathan Marcus and Robert Imhoff from the case. *See* ECF No. 27. Presently, the only remaining defendants are KC Canyon Creek Apartments, LLC and Landmark Realty of Missouri, LLC (collectively, "Defendants").

Plaintiffs now seek leave to amend the complaint to add Metro Public Safety ("Metro") as a nondiverse defendant. Plaintiffs contend that because Defendants contracted with Metro to provide security services at Canyon Creek Apartments, Metro may be liable for Christopher Beaugard's death. Metro's addition would destroy this Court's diversity jurisdiction and require remand to the Circuit Court of Jackson County, Missouri.

**Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may deny leave to amend only when there is "undue delay, bad faith or dilatory motive" by the movant, "undue prejudice to the opposing party," or "futility." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). However, when a plaintiff seeks to add a nondiverse defendant whose joinder would destroy the Court's jurisdiction, the proposed amendment is subject to heightened scrutiny. *See Bailey v. Bayer Cropscience L.P.*, 563 F.3d 302, 308–09 (8th Cir. 2009).

In determining whether to "deny joinder or permit joinder and remand the action to the State court" under 28 U.S.C. § 1447(e), the Court engages in a multistep inquiry. First, the Court analyzes whether the potential defendant is necessary and indispensable under Rule 19. *Bailey*, 563 F.3d at 308. If so, joinder and remand are required. *Id.* If, however, the potential defendant is dispensable, the Court proceeds to the second step and considers whether "justice" nevertheless requires joinder and remand. *Id.* at 309. This requires the Court to consider "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether the plaintiff has been dilatory in asking for amendment, and 3) whether the plaintiff will be significantly injured if amendment is not allowed." *Id.* (citations and internal brackets omitted).

**Discussion**

As an initial matter, Plaintiffs concede Metro is not a necessary and indispensable party under Rule 19. Accordingly, the Court considers Metro to be dispensable and proceeds to the second step of the analysis.

3

Plaintiffs argue the *Bailey* factors weigh in favor of granting their motion because they (1) have a viable claim against Metro, (2) filed the motion within days of learning Metro provided security at Canyon Creek Apartments in 2022, and (3) will be significantly injured by having to litigate this case in multiple forums. Defendants disagree and offer several arguments in opposition. The parties' arguments, however, do not directly correspond. For example, Defendants address the futility of Plaintiffs' claim against Metro under the third *Bailey* factor despite Plaintiffs raising it under the first. For simplicity, the Court addresses the arguments in the order presented in Defendants' opposition.

As to the first *Bailey* factor, Defendants argue the proposed amendment represents a pattern of conduct aimed at avoiding federal jurisdiction. Plaintiffs contend they are seeking to add an alleged joint tortfeasor (regardless of citizenship) who may be able to satisfy a future judgment. *See* Pls. Reply at 8–9, ECF No. 39; *see also* Defs.' Initial Disclosures § IV, ECF No. 33-4 (indicating Defendants' lack of liability insurance). While it is clear Plaintiffs would prefer to litigate this case in state court, it does not appear that the addition of Metro is "solely for the purpose of destroying diversity and forcing a remand." *See Timber Point Properties III, LLC v. Bank of Am., N.A.*, No. 13-CV-03449-S-DGK, 2014 WL 2584825, at *3 (W.D. Mo. June 10, 2014) (citations omitted).

As to the second *Bailey* factor, Defendants argue the proposed amendment illustrates a lack of diligence investigating this case before filing suit. Specifically, Defendants contend Metro's identity was known or could have been ascertained by Plaintiffs from the beginning. Plaintiffs state they performed a pre-suit investigation—which included interviewing Canyon Creek residents and researching other lawsuits involving Defendants—but at that time it was

unclear if anyone provided security services at Canyon Creek Apartments in 2022. Specifically, Plaintiffs' counsel states the following:

> I scoured public records to find a security company that may have provided security to the Canyon Creek Apartments in 2022. I identified approximately 15 cases in Missouri state and federal court filed against either Defendant Canyon Creek, Defendant Landmark Realty, their employees, and/or other sister entities and employees.
>
> Two security companies, Metro Public Safety & Investigations, LLC and Titan Protection and Consulting, Inc., were sued with Defendant Landmark Realty or other properties that it managed. However, none of those publicly available filings indicated that Metro Public Safety nor Titan Protection and Consulting were providing security for the Canyon Creek Apartments in 2022. To the contrary, it appeared based on my pre-suit investigation that Metro Public Safety had been fired by Landmark Realty around 2016 and replaced with Titan Protection and Consulting. Titan Protection and Consulting appeared to have been fired sometime in 2020. I could not find a security company that replaced Titan Protection and Consulting.

Decl. of Brian Russell ¶¶ 8–9, ECF No. 39-3. Plaintiffs state it was not until May 21, 2024, when they discovered filings in another case involving Defendants that they had a good faith basis to believe Metro provided security services at Canyon Creek Apartments in 2022. The filings Plaintiffs discovered were filed after their pre-suit investigation had been performed. *See id.* ¶¶ 17, 20; Pls. Reply at 8. Based on this record, it does not appear Plaintiffs were dilatory in seeking an amendment.

As to the third *Bailey* factor, Defendants argue Plaintiffs will not be significantly injured if the motion is denied. First, Defendants argue Plaintiffs' claims against Metro are futile because Metro's liability is limited to the terms of the security contract between them and Metro. *See* Suggestion in Opp'n at 14–16, ECF No. 36 (discussing Missouri cases). Even assuming this legal analysis correct, the Court cannot find the claim to be futile based on the evidence before it.

5

Defendants provided a copy of the security contract with Metro which describes both stationary and mobile patrols. *See* Decl. of Jonathan Marcus at 7–11, ECF No. 36-3 (Exhibit A, Metro Safety Contract). Defendants claim they selected the mobile patrol option which provided two random vehicle patrols between the hours of 4:00 p.m. and 5:00 a.m. *Id.* ¶ 3. Defendants contend Metro's duty extends only to those two random patrols—that is, Metro can only be liable if Christopher Beaugard's death resulted from it negligently performing those patrols. *See* Suggestion in Opp'n at 16. And under the facts alleged, Defendants argue no such duty could have been breached. *See id.*; *see also* Decl. of Jonathan Marcus ¶ 4 ("Metro was not on property conducting a patrol at the time of the incident involving Mr. Beaugard.").

Notably, there is no language in the security contract indicating Defendants limited Metro's services to only the two vehicle patrols. *See* Decl. of Jonathan Marcus at 7–11. In relevant part, the contract states:

> Overview of Services: Metro Public Safety will provide one professionally trained and uniformed Armed Officer, to perform 8 hours of stationary foot patrols on the property for 8hours [sic] at a time 4:00 PM – 12 AM 7 days a week . . . After the 8 hours the patrol will patrol 2 random patrols a night during the times the stationary Officer is not on the property patrolling.
> . . .
> Number of Patrols per day: 8 hours stationary patrols (total of 8 hours a night) 7 days a week and two mobile patrols between the hours of 4:00 pm – 5am 7 days a week after onsite officer.

*Id.* at 7. Based on this language, Metro could owe a duty because the contract provides for stationary foot patrols between the hours of 4:00 p.m. and 12:00 a.m. To the extent there were subsequent modifications to the contract that limited the scope of Metro's services, the Court has not been provided any evidence of this. Thus, based on the evidence presently before the Court, it cannot find a claim against Metro would be futile.

Second, Defendants contend Plaintiffs will not be significantly injured because Metro is an alleged joint tortfeasor. *See Bailey*, 563 F.3d at 309 (noting that "because Bailey alleged the parties were joint tortfeasors, Bailey will not be significantly injured if amendment is not allowed"). While true, this fact alone does not provide sufficient grounds to deny Plaintiffs' motion. That is, because "tortfeasors with joint and several liability are merely permissive parties," under Rule 19, *see id.*, the Court must weigh all factors at the second step of the analysis. And as discussed above, the other factors weigh in favor of granting Plaintiffs' motion for leave to amend their complaint.

## Conclusion

For the forgoing reasons, Plaintiffs' motion for leave to amend is GRANTED. Plaintiffs have seven (7) days from the date of this Order to file an amended complaint naming Metro Public Safety. Upon doing so, this case will be remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date:  August 1, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT